UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>              Plaintiff,<br><br>   v.<br><br>ALLISON, et al.,<br><br>              Defendants.<br>_____ / | CASE NO.   1:11-CV-00730-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>CLERK TO CLOSE THE FILE IN THIS CASE |

**SCREENING ORDER**

I.     **PROCEDURAL HISTORY**

      On May 6, 2011, Plaintiff Isidro Roman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. Section 1983. (ECF No. 1.)  On May 17, 2011, Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.)

      Plaintiff's Complaint is now before the Court for screening.

///////

-1-

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. **SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the California Department of Corrections and Rehabilitation, Corcoran Substance Abuse Treatment Facility and State Prison, ("CSATF/SP"). (Compl. p. 1, ECF No. 1.) Plaintiff complains that Defendants violated his right to access to the courts, by denying him access to the prison law library and preventing him from researching, preparing and timely filing objections to dismissal of certain claims in his separate civil rights litigation pending in the U.S. District Court in San Diego, Roman

v. Adams et al.,[1] ("Adams"). (Compl. at 10-13.)

Plaintiff names the following Defendants: (1) Kathleen Allison, Warden at CSATF/SP, (2) P. Denny, Custody Captain at CSATF/SP, and (3) S. Killen, Law Librarian of Facility D at CSATF/SP. (Id. at 2-3.)

Plaintiff seeks declaratory relief, and unspecified compensatory and punitive damages. (Id. at 14.)

Plaintiff's claims in this case relate to proceedings in Adams. On June 24, 2010, the Magistrate Judge in Adams issued a Report and Recommendation ("R&R") Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint; objections to the R&R were due by July 16, 2010.[2] (Id. at 11.)

On July 1, 2010, Defendants Denny and Allison "authored and/or approved ... a modified program/lock-down wherein law library services were restricted for all inmates ... [and] physical access to the law library was denied ... and 'paging' services were to be provided only to those inmates who had been granted Priority Library User (PLU) status due to verified court deadlines within thirty (30) days." (Id.)

On July 6, 2010, in anticipation of objecting to the Adams' R&R, Plaintiff requested PLU status and copies of certain court opinions and rules by submitting the appropriate forms to the law library; Defendant Killen granted PLU but did not then process Plaintiff's "paging" request for copies of cases and rules. (Id.)

On July 7, 2010, Plaintiff filed "an administrative appeal describing his urgent need

---

[1] Wherein Plaintiff originally alleged First, Sixth, Eighth, and Fourteenth Amendment claims against prison staff at Calipatria State Prison and Kern Valley State Prison. See Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.)

[2] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), R&R, ECF No. 88.

-3-

for physical access to the law library." (Id. at 11-12.)

Defendant Killen "denied Plaintiff physical access to the law library and ignored all of his requests for physical access, document paging and legal supplies throughout the duration of the lock-down", attributing this to "the restrictions listed [in] the July 1, 2010 [program lock-down imposed by] [D]efendants Denny and Allison."[3] (Id. at 12.) As a result of the foregoing, Plaintiff was unable to research, prepare, and timely file objections to the R&R. (Id.) On August 5, 2010, the R&R was adopted in full, dismissing certain of Plaintiff's claims in Adams.[4] (Id.)

Plaintiff alleges his inability to object to the R&R caused him loss of "potential causes of action" and "certain amendments" to the Third Amended Complaint in Adams and resulted in dismissal of certain claims therein because the court "misinterpreted exhibits" to the Third Amended Complaint, and that unspecified "damages for those [lost] claims [are] now unavailable to [P]laintiff in [Adams]." (Id. at 13.)

## IV.  ANALYSIS

### A.  Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

---

[3] Defendant Killen, in his July 29, 2010 response to Plaintiff's appeal, explained that paging services were available during the program lock-down. (Compl. at 12.)

[4] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), Order Adopting R&R, ECF No. 90.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.     Denial of Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3ed 1090, 1101 (9th Cir. 2011). The right is limited to the filing of direct criminal appeals, habeas petition, and civil rights actions. Lewis, 518 U.S. 343 at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim), or the loss of a meritorious suit that "cannot now be tried" (backward-looking access claim). Christopher v. Harbury, 536 U.S. 403, 412-415 (2002). A plaintiff must allege an actual injury by being shut out of court. Lewis, 518 U.S. 343 at 351. "Actual injury" may be defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. "'[M]eaningful access to the courts is the touchstone,' [and] the inmate therefore must ... demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351. The notion that "prison authorities

must also enable the prisoner to ... litigate effectively once in court" has been disclaimed. Lewis, 518 U.S. 343. "The right of access to the courts does not permit recovery for careless or negligent acts. Rather, the evidence must reveal some active misuse of power." Funches. V Ebbert, 638 F.Supp.2d 1014, 1019 (S.D. Ill. June 16, 2009), citing Daniels v. Williams, 474 U.S. 327, 330 (1986).

When a prisoner asserts a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. 403 at 416. The plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-418. When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir.2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 555 U.S.1150 (2009)).

Plaintiff alleges that Defendants Denny and Allison directed, and Defendant Killen implemented, a program lock-down during which physical access to the law library and to "paging" services for legal materials and supplies was denied, preventing Plaintiff from filing objections to the R&R relating to "potential causes of action", possible "amendments", and

"misinterpreted exhibits".

The facts reflect that Plaintiff had, and continues to have, meaningful access to the Adams court.[5] "A claim for denial of access may be brought where (1) systemic official action frustrates a plaintiff in preparing and filing suits ... or (2) official action precludes a claim resulting in the loss ... of a meritorious case or the loss of the opportunity to bring suit." Delaney v. District of Columbia, 659 F. Supp.2d 185, 196 (D. D. C. October 06, 2009) (citing Christopher, 536 U.S. at 412-414). See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (The constitutional right of access to the courts requires a state to provide a law library or legal assistance only through the pleading stage of a habeas or civil rights action). Here, the R&R, and any objections to R&R involved matters beyond the pleading stage. Taking Plaintiff's allegations as true for purposes of screening, the Adams court's adoption of the R&R dismissing certain claims for failure to state a claim, following the court's consideration of defendant's Federal Rule of Civil Procedure 12 (b) (6) motion to dismiss, and Plaintiff's opposition thereto,[6] suggest at most ineffective litigation by Plaintiff. The evidence does not support frustration of legal claims by denial of access to courts.

Prior to adoption of the R&R by the Adams court, Plaintiff had briefed and filed both an opposition to the motion to dismiss the Third Amended Complaint and a motion for summary judgment on the Third Amended Complaint.[7] Plaintiff did not seek reconsideration of adoption of the R&R. Nor did he file an interlocutory appeal therefrom.

---

[5] The Court takes notice of the Docket Report in Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.). See Scheduling Order, ECF No. 117.

[6] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), R&R, ECF No. 88.

[7] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), ECF Nos. 76, 78.

-7-

Instead he filed a Fourth Amended Complaint, without the claims that the R&R recommended be dismissed, and that Fourth Amended Complaint is now the operative pleading in Adams.[8] Plaintiff's continued pursuit of his case is inconsistent with his claim of constitutional interference with the right to access to courts. See Delaney, 659 F. Supp.2d at 196 (no interference with inmate's First Amendment right of access to courts, where inmate, alleging refusal of corrections officials and employees to assist with filing motions, was subject to ongoing court order and proceeding).

Plaintiff has not lost a non-frivolous or arguable claim. The Adams court dismissed claims under the Sixth, Eighth, and Fourteenth Amendment based upon 11th Amendment immunity, lack of respondeat superior liability, inapplicability of the Sixth Amendment to prison disciplinary proceedings, failure to state the elements of a claim for deliberate indifference, and the favorable determination requirement of Heck v. Humphrey. 512 U.S. 475, 486-87 (1994).[9] "In order to proceed with an access-to-courts claim, an inmate must ... describe in his complaint what underlying claim he lost the opportunity to bring, show that such a claim is 'more than mere hope,' and also describe the 'lost remedy.'" Tapp v. Proto, 718 F.Supp.2d 598, 615-16 (E.D.Pa. May 13, 2010) (citing Monroe v. Beard, 536 F.3d 198, 205-206) (quoting Christopher v. Harbury, 536 U.S. 403, at 416-17). Plaintiff alleges no facts suggesting the dismissed claims were non-frivolous or arguable in nature.

There is no evidence that Plaintiff suffered actual injury from any denial of access. He has not demonstrated a remedy, legally available in Adams, which is now lost. There

---

[8] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), Fourth Amended Complaint, ECF No. 95.

[9] Roman v. Adams, et al., 3:07-cv-01343 JLS (POR) (S.D. Cal.), R&R, ECF No. 88.

-8-

Case 1:11-cv-00730-MJS   Document 6   Filed 01/31/12   Page 9 of 11

is no predicate meritorious claim that has been lost in <u>Adams</u>, sufficient to support actual injury. The <u>Adams</u> acting is still pending. There has been no final disposition of remedies sought therein.

Further, Plaintiff cannot seek access to courts relief for potential causes of action and amendments to the Third Amended Complaint in <u>Adams.</u> This is because such potential claims and amendments were not embraced within the motion to dismiss that was the subject of the R&R.

Moreover, there is no suggestion of active misuse of power by Defendants. The alleged denial of access was pursuant to a program lock-down. Prison staff may, in some circumstances, impinge on constitutional rights in pursuit of reasonable penological purposes. <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest."); <u>see also</u> <u>Harris v. Ostrout</u>, 65 F.3d 912, 916 (11th Cir. 1995) ("The State may not burden [prisoners' limited First Amendment right of access to courts] with practices that are not reasonably related to legitimate penological objectives, nor may it act with intent to chill that First Amendment right."). Plaintiff has presented no evidence demonstrating that the program lock-down was other than reasonably related to legitimate penological objectives. It appears that he was accorded PLU status, allowing for access to the library during the program lock-down, through paging services. Plaintiff has not demonstrated that he was denied such paging services as were available under the program lock-down. The evidence does not suggest that Defendants actively misused authority to regulate Plaintiff's library access.

-9-

Accordingly, Plaintiff has not alleged facts satisfying the elements of his access to courts claim.

The Court will not allow leave to amend. For the reasons discussed above, leave to amend would be futile.

### C.   Inmate Appeal

On July 7, 2010, Plaintiff filed an administrative appeal "describing his urgent need for physical access to the law library." (Compl. at 12.) The Complaint does not allege the disposition of this appeal or exhaustion of the prison appeal process as required by 42 U.S.C. Section 1997e (a).  In any event, Defendants' actions in reviewing his prison appeal cannot serve as the basis for liability under a Section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)).

The Court will not allow leave to amend. For the reasons discussed above, leave to amend would be futile.

### V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. Leave to amend would be futile at the present time, and is not warranted. Based on the foregoing, it is **HEREBY ORDERED** that:

   1. Plaintiff's Complaint is dismissed, without leave to amend, for failure to state a claim upon which relief may be granted, subject to the "three strikes" provision set forth in 28 U.S.C. Section 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011);[10]

---

[10] This dismissal is without prejudice to any subsequent action by Plaintiff, against Defendants named herein, upon a cognizable Section 1983 claim.

      2. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated:  January 31, 2012          /s/ *Michael J. Seng*
ci4d6                    UNITED STATES MAGISTRATE JUDGE